UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY CHARLES TEW,<br><br>                         Plaintiff,<br><br>    v.<br><br>TOWN OF STONY POINT *and* STONY POINT JUSTICE COURT,<br><br>                         Defendants. | No. 22-CV-6148 (KMK)<br><br>ORDER OF DISMISSAL |

KENNETH M. KARAS, United States District Judge:

       The Court granted Defendants' Motion To Dismiss on September 20, 2023, but gave Plaintiff 30 days to amend his Complaint. (Op. & Order ("MTD Op.") 20 (Dkt. No. 22).) In that Opinion, the Court considered Plaintiff's challenge to the removal of this case from state court and found that his challenge was untimely. (*Id*. at 7 (holding that, "[r]egardless of Defendants' conduct in removal of this case," "it is clear that Plaintiff's challenge to the removal procedure is untimely").)

       On November 7, 2023, Plaintiff filed a letter raising that same challenge. (*See* Ltr. from Jeffrey Tew to Court (Nov. 7, 2023) (Dkt. No. 23) (noting Plaintiff "previously informed the [C]ourt that [he] h[ad] oppos[]ed the transfer" from New York State Supreme Court and "reiterat[ing] that again").) Although Plaintiff's deadline to amend had passed, the Court reminded Plaintiff of its prior Opinion and Order and granted an additional 30 days to amend. (*See* Memo Endorsement (Dkt. No. 24).) On December 26, 2023, Plaintiff followed up with a letter claiming that he did not receive the Court's Memo Endorsement and again "reiterat[ing]" his objections to removal. (*See* Ltr. from Jeffrey Tew to Court (Dec. 26, 2023) (Dkt. No. 26).)

To make absolutely sure Plaintiff received notice and had enough time to amend, the Court extended Plaintiff's deadline another 30 days. (*See* Memo Endorsement (Dkt. No. 27) (dated Jan. 3, 2024).) Instead of amending, Plaintiff filed a third letter laying out his removal arguments. (*See* Ltr. from Jeffrey Tew to Court (Feb. 1, 2024) (Dkt. No. 29)). In its Opinion, and in each of its endorsements, the Court warned Plaintiff that failure to abide by the 30-day deadline would result in dismissal with prejudice. Plaintiff has failed to amend, and dismissal is now warranted.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Although dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)); *accord Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021) (summary order) (citing *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009)).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to

> be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *accord Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).  No single factor is dispositive.  *See Baptiste*, 768 F.3d at 216; *LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissing this Action.  Plaintiff had the opportunity to file an amended complaint, and the Court extended his deadline to amend twice, well after the initial 30-day period expired.  Plaintiff continued to correspond with the Court but offered no indication that he would amend.  Instead, he reiterated removal arguments that the Court already rejected.  (*See, e.g.*, Ltr. from Jeffrey Tew to Court (Nov. 7, 2023) (Dkt. No. 23).)  Given Plaintiff's stance, the Court finds that no sanction less than dismissal will alleviate the ongoing prejudice to Defendants of continuing to keep this Action open.  *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case.").

Accordingly, this Action is dismissed with prejudice for failure to prosecute.  *See Turk v. Rubbermaid Inc.*, No. 21-CV-270, 2022 WL 1228196, at *1 (S.D.N.Y. Apr. 26, 2022) (dismissing case where the court had provided the plaintiffs with 30 days to file an amended complaint, but the plaintiffs failed to do so); *see also Wood v. Byrd*, No. 16-CV-8142, 2021 WL 4311346, at *2 (S.D.N.Y. Sept. 21, 2021) (dismissing case for failure to prosecute after the plaintiff failed to comply with three separate orders to file an amended complaint, even after extensions of time); *see also DeJesus-Vasquez v. Bethencourt*, No. 19-CV-967, 2021 WL

3540553, at *2 (S.D.N.Y. Aug. 10, 2021) (dismissing case for failure to prosecute where the plaintiff "was instructed at least five times that a failure to file an amended complaint or to show cause as to why this case should not be dismissed may result in dismissal," and failed to do so).

SO ORDERED.

Dated: February 14, 2024
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge